UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHYLLIS KINNEY, et al.,

        Plaintiffs,

v.                                                                    Case No. 2:04-cv-94
                                                                      HON. RICHARD ALAN ENSLEN
UNITED STATES OF AMERICA, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff filed suit to recover damages as a result of injuries to her son allegedly caused during his delivery and birth at defendant Chippewa County War Memorial Hospital ("War Memorial"). Defendant War Memorial has filed a motion for indemnification from the United States of America. War Memorial claims that since the hospital nurse was under the direction and control of Dr. Hicks, who has a personal services contract with the Bay Mills Indian Community ("Bay Mills") for medical services, the United States is responsible for the nurse's liability during the delivery under an employer agent relationship theory pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 (FTCA). "The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). War Memorial argues that since it is undisputed that Dr. Hicks is entitled to indemnification and defenses under the FTCA, then it follows that the hospital is entitled to the same defenses, because the nurse at the time of delivery was under the direction and control of Dr. Hicks

and should be considered an employee of Dr. Hicks for purposes of the FTCA.  A hearing was held on April 11, 2005.

The Government argues that it is not liable under the FTCA for the conduct of a nurse employed by a private hospital.  Bay Mills entered into a contract with the United States of America under the Indian Self-Determination Education and Assistance Act (ISDEAA).  As part of that contract, Bay Mills was required to provide health services for its members, which was traditionally the responsibility of the Government.  As a result, the Government extended to Bay Mills defenses and indemnification provisions under the FTCA for liability which could be imposed on Bay Mills for actions taken under the contract.  Bay Mills contracted with Dr. Hicks to provide health services to its members and separately with War Memorial.  The nurse is an employee of War Memorial.

Where the United States enters into a self-determination contract with an Indian Tribe, the United States agrees to provide a defense and indemnification to an Indian tribe, a tribal organization, an Indian contractor, or their employees.  25 U.S.C. § 450f(d).  That statute more specifically states:

> For purposes of section 233 of Title 42, with respect to claims by any person . . . for personal injury, including death, resulting from the performance . . . of medical surgical, dental or related functions. . . an Indian tribe, a tribal organization or Indian contractor carrying out a contract, grant agreement, or cooperative agreement under section 450f or 450h of this title is deemed to be part of the Public Health Service in the Department of Health and Human Services while carrying out any such contract or agreement and its employees (including those acting on behalf of the organization or contractor as provided in section 2671 of Title 28, and including an individual who provides health care services pursuant to a personal services contract with a tribal organization for the provision of services in any facility owned, operated, or constructed under the jurisdiction of the Indian Health Service) are deemed employees of the Service while acting within the scope of their employment in carrying out the contract or agreement: *Provided*, That such employees shall be deemed to be

- 2 -

> acting within the scope of their employment in carrying out such contract or agreement when they are required, by reason of such employment, to perform medical, surgical, dental or related functions at a facility other than the facility operated pursuant to such contract or agreement, but only if such employees are not compensated for the performance of such functions by a person or entity other than such Indian tribe, tribal organization or Indian contractor.

Accordingly, the Government argues that for War Memorial to be successful on this motion, War Memorial must establish that it was a party carrying out a "contract, grant agreement, or cooperative agreement under section 450f or 450h;" and, (2) that it is either an Indian Tribe, a tribal organization or Indian contractor, an employee of an Indian Tribe, tribal organization or Indian contractor, or an individual maintaining a personal services contract with one of these entities. War Memorial cannot satisfy this requirement.

The Government argues that War Memorial was not carrying out a self-determination contract because by definition a self-determination contract can only exist between a federal agency and a tribal organization. *FGS Constructors Inc. v. Carlow*, 64 F.3d 1230 (8th Cir. 1995). The contract cannot be extended to a tribal organization's subcontractor. *Id.* In *Wooten v. Hudson, D.O.*, 71 F. Supp. 2d 1149 (E.D. OK. 1999), the Muskogee Creek Nation entered into a self-determination contract with the Government and entered into a separate contract with Dr. Hudson to perform surgical procedures at their Indian owned hospital. The tribe also contracted with a private staffing company to provide emergency room staffing at the hospital. Dr. Hudson also worked for the private company and provided emergency room services. The court held that Dr. Hudson was covered under the FTCA for the period of time when he worked at the hospital under the contract with the tribe, but was not covered under the FTCA for the period of time when he worked at the hospital for the

- 3 -

private staffing company. The court explained that when Dr. Hudson worked for the private staffing company while at the hospital he was not a party to a contract with a tribal organization.

Similarly, as the Government argues, War Memorial is not an Indian Tribe, tribal organization, or Indian contractor, but is merely a subcontractor of Bay Mills. Subcontrators of self-determination contractors are not generally entitled to a government defense and indemnification. 25 CFR § 900.189 explains that subcontractors of self-determination contractors are not entitled to a government defense and indemnification under the FTCA and 25 CFR § 900.183 provides that claims cannot be pursued under the FTCA against subcontractors performing  subcontracts with a self-determination contractor.

Finally, the Government argues that if the court finds that the nurse was an employee of Dr. Hicks, War Memorial could still not claim entitlement to indemnification because coverage under the FTCA is not provided to a nurse not compensated by the tribe, tribal organization or Indian contractor. 25 U.S.C. § 450f(d). Under the FTCA the United states is responsible for the negligent actions of its employees, but is not otherwise responsible for the negligent actions of independent contractors. *Orleans,* at 814. Moreover, the Government argues that it is improper to just look at the relationship between the nurse and Dr. Hicks during the time of the delivery when determining whether an individual is considered an employee of the United States or an independent contractor. Rather, an employee/employer relationship analysis requires a totality of circumstances approach. In other words, whether the nurse could be employed by Dr. Hicks is not determined on a hour by hour approach, but by what the nurse does everyday as a nurse at the hospital.

In *Bird v. United States,* 949 F.2d 1079 (10th Cir. 1991), the nurse anesthetist allegedly caused the death of plaintiff's decedent. The issue presented was whether the anesthetist

- 4 -

was an employee of the Government for purposes of the FTCA.  The district court found that the anesthetist was an independent contractor and denied recovery against the Government.  The anesthetist worked at an Indian owned hospital and considered himself an employee of the hospital, although he was supplied by a staffing agency.  The appeals court found that the control of the hospital and physician over the anesthetist, which was also mandated by state law, was sufficient to require the Government to defend and indemnify the anesthetist.  In *Bird* there was no ISDEAA contract, and the Indian owned and controlled the federal hospital.  As explained in *Bernie v. United States,* 712 F.2d 1271 (8th Cir. 1983), because the privately owned hospital, which contracted with an Indian owned hospital to provide medical treatment to Indian patients, did not supervise the day to day functions of the doctors, the doctors were not federal employees under the FTCA.

Unlike a situation where the Tribe owned the hospital, War Memorial is a privately owned hospital which is independent from the Bay Mills community.  The nurse was employed by War Memorial.  The hospital, under these circumstances, cannot require the Government to indemnify and provide its defense.  Nothing within the ISDEAA contemplates extending the FTCA to a private hospital which employs a nurse that works sometimes under the direction of a doctor, not employed by the hospital, who has a personal services contract with an Indian Tribe.

Accordingly, it is recommended that defendant War Memorial's motion for an order requiring indemnification from the United States of America (docket #67) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal

of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  April 19, 2005