UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHYLLIS KINNEY, et al.,

       Plaintiffs,

v.                                                          Case No. 2:04-cv-94
                                                            HON. RICHARD ALAN ENSLEN
UNITED STATES OF AMERICA, et al.,

       Defendants.
_____/

## OPINION AND ORDER

Plaintiff has filed motions to compel discovery against defendants United States of America and War Memorial Hospital.  A hearing was held on July 18, 2005.  At the hearing, the parties narrowed the issues to a few documents that are claimed privileged from discovery by defendants.  At the close of the hearing, the Court ordered defendants to submit the documents for in camera review.  Defendants have submitted the documents to the Court.  The documents provided by War Memorial Hospital consist of two Quality Assessment/Improvement Screening Referral Forms, a Case Review Summary, and an Occurrence Reporting Form.  The documents were made for a peer review function and are peer review committee documents.

It is undisputed that under Michigan law there exists a peer review privilege which provides that documents and information used for peer review are not subject to discovery.  Plaintiff argues that the Hospital waived the privilege when the documents were disclosed to defense counsel.  Plaintiff cites as authority *Feyz v. Mercy Memorial Hospital*, 264 Mich. App. 699, 692 N.W.2d 416 (2005).  In *Feyz*, a physician sued a hospital for invasion of privacy, breach of fiduciary and public

duties, and breach of contract after plaintiff was placed on indefinite probation and referred for a psychological examination. The hospital disagreed with plaintiff's policy of requiring nurses to ask patients how they actually took their prescribed medicine as opposed to how they were instructed to take the medicine. The trial court granted summary judgment to defendants because the hospital's actions arose out of peer review committee decisions. The Michigan Court of Appeals determined that it was not in the scope of the peer review committee to violate the physician's civil rights, and that the mental health referral was not made by the peer review committee. The court upheld the dismissal of the claims against the individual members of the committee, but reversed the other dismissed claims concluding that summary disposition under the grant of immunity in the peer review statute was improper. *Feyz* does not provide support for plaintiff's claim that the privilege was waived when the hospital's lawyer reviewed peer review documents. *Smith v. United States,* 193 F.R.D. 201 (D. Del. 2000), which refused to provide a waiver to an inadvertent disclosure of Department of Defense quality assurance records, and *Oakland County Prosecutor v. Department of Corrections*, 222 Mich. App. 654, 564 N.W.2d 922 (1997), which concluded that a prisoner's psychological records are discoverable and not privileged when they are used in a Parole Board decision, fail to support plaintiff's argument.

Plaintiff has provided no authority to the Court to show that a waiver could occur by a defense counsel's review of the documents. Moreover, when the Court ordered the documents for in camera review, plaintiff's counsel asserted that it would be error for the Court to conduct an in camera review which required defense counsel to provide the documents. Plaintiff argued that the Court should require that a different Hospital attorney provide the documents to the Court. Plaintiff's argument lacks merit. Plaintiff has not explained why one of the Hospital's attorneys

cannot review peer review documents because that would waive the privilege, but another Hospital attorney may review peer review documents without waiving the privilege. The documents are privileged.

The government has provided the Court for in camera review a July 15, 2003, practitioner narrative authored by Dr. Hicks, a December 2, 2003, medical review assessment by Dr. Neil Murphy, and a February 23, 2004, quality review memorandum by Robert M. Taylor. These documents were generated as part of the administrative claim filed by plaintiff. Plaintiff argues that these documents are otherwise not available even with hardship to the plaintiff.

The government argues that these documents are protected by the work product privilege because the documents were prepared after plaintiff filed an administrative claim and were prepared in anticipation of litigation. The documents were generated by the government for use in settling malpractice claims and to create a record for subsequent litigation.

The work product doctrine provides qualified immunity from the disclosure of documents and material made in preparation of litigation as established by Fed. R. Civ. P. 26(b)(3), which provides in part:

> *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In *Parry v. Highlight Industries, Inc.*, 125 F.R.D. 449 (W.D. Mich. 1989), Judge Enslen of this Court stated:

> Whether a document may be said to have been prepared in anticipation of litigation depends upon whether, "in light of the nature of the document and the factual situation in the particular case the document can fairly be said to have been prepared or obtained *because of* the prospect of litigation."

*Id*. at 451. However, documents produced in the ordinary course of business are discoverable and not protected by the work product doctrine. *See Martin v. Ronningen Research & Development Co.*, 25 Fed. R. Serv. 3d 358 (W.D. Mich. 1992) ("the fact that a defendant anticipates the contingency of litigation resulting from an accident or event does not automatically qualify an 'in house' report as work product. . . . A more or less routine investigation of a possibly resistible claim is not sufficient to immunize an investigative report developed in the ordinary course of business.") *Id*., *citing Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982).

In determining whether documents were generated in anticipation of litigation, the Sixth Circuit in *Toledo Edison v. G.A. Technologies, Inc.*, 847 F.2d 335, 339-340 (6th Cir. 1989), outlined the steps that this Court must follow. First, the requesting party must show that the materials requested are relevant and not privileged. Once shown, the burden shifts to the party resisting production to show that the documents were made in anticipation of litigation. This may be shown by affidavits, depositions, answers to interrogatories, or by any of the traditional methods that proof is produced in pretrial proceedings. If the court is satisfied that the resisting party has met this burden, the party seeking the documents must show a substantial need and that the substantial equivalent of the materials cannot be obtained by other means without undue hardship. The court

is not to permit discovery of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." *Id.*

These documents were made solely in response to plaintiff's administrative filing and were made to defend the administrative claim and subsequent lawsuit. *Smith v. United States*, 193 F.R.D. at 214. The documents are clearly protected by the work product privilege. While plaintiff explains that there is no way to obtain these documents, plaintiff has the opportunity to take the depositions of the individuals involved in the process. Plaintiff has not shown a substantial need for the documents or the contents of the documents which could otherwise defeat the privilege. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motions to compel (docket #91, #93 and #102) are DENIED.

IT IS SO ORDERED.


 /s/ Timothy P. Greeley                                   
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   August 9, 2005

- 5 -